UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| United States of America, )<br>             )<br>      Plaintiff, )<br>             )<br> v.            )<br>             )<br>Reginald C. Holmes, )<br>             )<br>      Defendant. )<br>_____ ) | Cr. No.: 7:08-cr-00210-GRA-1<br><br>**ORDER**<br>(Written Opinion) |

This matter comes upon Defendant's *pro se* motion before the Court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission ("the Commission") pursuant to the Fair Sentencing Act of 2010 and 28 U.S.C. § 994(o). (ECF No. 72). For the following reasons, Defendant's Motion is DENIED.

### Background

This motion is based on Amendment 750 to the United States Sentencing Guideline (U.S.S.G.) § 2D1.1(c). This amendment adjusts the base offense level assigned to each threshold quantity of cocaine base, or "crack cocaine," downward by two levels. U.S.S.G. App. C, Amend. 750 (Nov. 1, 2011) (succeeding the temporary emergency amendment, Amendment 748, enacted on November 1, 2010). On June 30, 2011, the Commission voted to add this

amendment to the list of amendments in U.S.S.G. § 1B1.10(c) that may be applied retroactively. This amendment became effective on November 1, 2011. Further, the Commission amended Application Note 10(D) to § 2D1.1 in order to remedy sentencing anomalies under Amendment 750. This amendment became effective on November 1, 2011; therefore this matter is now ready for disposition.

## Standard of Review

Defendant brings this claim *pro se*. District courts are required to construe liberally pleadings filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

## Discussion

Defendant was originally sentenced to 60 months imprisonment. Defendant was sentenced pursuant to the U.S.S.G. § 2D1.1(c), and 21 U.S.C. § 841(b)(1)(A) (2006), which imposed a statutory minimum sentence of 120 months.[1] At that time, this Court also reduced Defendant's sentence from the statutory minimum of 120 months to 60 months pursuant to 18 U.S.C. § 3553(e) based on the Government's motion for a downward departure under

---

[1] Congress amended section 841(b)(1)(A) on August 3, 2010 to increase the amount of cocaine base that triggered the mandatory minimum sentence of ten years from 50 grams to 280 grams. 21 U.S.C. § 841(b)(1)(A) (Supp. 2010). However, Congress declined to make the amendment to the statute retroactive. Thus, the version of 21 U.S.C. § 841(b)(1)(A) in effect when Defendant was sentenced still applies.

U.S.S.G. § 5K1.1 to reflect Defendant's substantial cooperation and assistance. Thus, Defendant was sentenced with the following sentencing range:

    Total Offense Level:    <u>27</u>

    Criminal History Category:    <u>III</u>

    Months' Imprisonment:    <u>120 to Life</u> (statutory minimum)

Defendant's sentence was not reduced pursuant to a Rule 35, a subsequent § 5K1.1 Motion, or a variance under 18 U.S.C. § 3553(a), and it was rendered after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005).

Defendant now, through his § 3582(c)(2) motion, requests a proportionate reduction of his sentence to reflect the most recent reduction of cocaine base sentences provided by Amendment 750. After taking into account all of the amendments to §§ 1B.10 & 2D1.10, the Court finds that the amended sentencing range should be:

    Total Offense Level:    <u>23</u>

    Criminal History Category:    <u>III</u>

    Months' Imprisonment:    <u>120 to Life</u> (statutory minimum)

This Court did not consider any guideline decision from the previous sentencing that was unaffected by the recent amendment. U.S.S.G. § 1B1.10 (b) (1).

Defendant's sentence was based on the statutorily mandated minimum sentence under 21 U.S.C. § 841(b)(1)(A), not the United States Sentencing Guidelines. This Court reduced Defendant's sentence under 18 U.S.C. § 3553(e)

to reflect Defendant's substantial assistance to the government. Because Defendant's sentence was not based on the Sentencing Guidelines, and Amendment 750 lowered only the crack cocaine offense levels in § 2D1.1 of the Sentencing Guidelines, Amendment 750 does not lower Defendant's applicable sentencing ranges. *See United States v. Hood*, 556 F.3d 226, 228 (4th Cir. 2009) (affirming the district court's order concluding it did not have jurisdiction to reduce the defendants' sentences because the sentences were based on a statutory mandatory minimum, not the drug guidelines). Therefore, Defendant's sentence range under the new amendment does not change, and Defendant's Motion for Reduction of Sentence is DENIED.

## Conclusion

Having calculated and considered the revised sentencing guidelines, specifically the provisions of §§ 2 D1.1(c) and 1B1.10, effective November 1, 2011, and having also considered the relevant statutory sentencing factors contained in 18 U.S.C. § 3553(a) and the advisory nature of the Sentencing Guidelines, the Defendant's motion is DENIED.

IT IS THEREFORE ORDERED THAT Defendant's motion be DENIED.

**IT IS SO ORDERED.**

_____
G. Ross Anderson, Jr.
Senior United States District Judge

December 14, 2011
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL DECISION

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Petitioner has the right to appeal this Order within **fourteen (14)** days from the date of its entry.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**